# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**ROBERT ROBINSON**                               **PETITIONER**

**VS.**                **CASE NO. 4:15CV00732 SWW/PSH**

**YOUNG, Warden,**
**FCI Texarkana**                               **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Robert Robinson ("Robinson") is an inmate in federal custody as a result of his 1999 conviction in the United States District Court, Western District of Arkansas. Robinson, sentenced to 360 months of imprisonment, is currently incarcerated in FCI Texarkana, Texas. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks an evidentiary hearing, and alleges that "Operation Wholesale" violated FBI policy. We assume Operation Wholesale to be the law enforcement action resulting in Robinson's conviction.

A threshold question must be addressed: does this Court have jurisdiction to consider Robinson's § 2241 petition? The United States Supreme Court has considered this question:

> The federal habeas statute straightforwardly provides that the proper respondent
> to a habeas petition is "the person who has custody over [the petitioner]." 28

> U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney,* 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added); see also *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales, supra,* at 574, 5 S.Ct. 1050); *Braden, supra,* at 495, 93 S.Ct. 1123 (" '[T]his writ ... is directed to ... [the] jailer,' " quoting *In re Jackson,* 15 Mich. 417, 439-440 (1867)).

*Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).

Here, there is no debate about the following fundamentals: Robinson is incarcerated in Texas; Robinson is challenging his conviction; this Court has no jurisdiction over Robinson's custodian, the warden of FCI Texarkana, Texas.

As a result, we recommend this case be dismissed without prejudice to Robinson refiling it in the United States District Court where he is incarcerated. The relief sought should be denied.

IT IS SO ORDERED this 19th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE